OPINION
{¶ 1} This appeal arises from the Portage County Court of Common Pleas, wherein appellant, Kurt F. Langston ("Langston"), pled guilty to three counts of sexual battery, one count of attempted gross sexual imposition, and two counts of public indecency. In addition, Langston was found to be a sexual predator, which serves as the basis of this appeal.
 {¶ 2} Langston lived with his wife, Deborah, and sixteen-year-old stepdaughter. Langston and Deborah married in 1998, and this was his fourth marriage. In early 2000, Langston began sexually molesting his stepdaughter. According to the stepdaughter, Langston began making sexual remarks and fondling her, until it finally progressed to intercourse. Three of the stepdaughter's friends, ages fifteen and sixteen, were also the subject of Langston's advances. One of the stepdaughter's friends eventually told her mother, who then notified the police. A police investigation revealed that Langston was frequently intoxicated in the presence of his stepdaughter and her friends. Langston also admitted to providing the girls with alcohol. He admitted to having intercourse with his stepdaughter but not with her friends. Moreover, he stated that he masturbated in front of her friends on more than one occasion while watching pornographic films with them.
 {¶ 3} Langston was subsequently charged with one count of rape, ten counts of sexual battery, one count of gross sexual imposition, three counts of public indecency, and one count of disseminating matter harmful to juveniles. He entered a written guilty plea on November 15, 2001, in which he pled guilty to three counts of sexual battery, two counts of public indecency, and an amended count of attempted gross sexual imposition.
 {¶ 4} Langston was sentenced to concurrent one-year terms for each offense of sexual battery and for the offense of attempted gross sexual imposition. He was sentenced to six months for each offense of public indecency, to be served concurrently with each other and concurrent to the aforementioned offenses, for a total of a one-year imprisonment. A sexual predator hearing was conducted on April 8, 2002, at which Langston was adjudicated a sexual predator.
 {¶ 5} Langston then filed this subsequent appeal, citing a single assignment of error:
 {¶ 6} "The trial court's decision designating defendant-appellant a sexual predator is against the manifest weight of the evidence presented at appellant's sexual predator hearing."
 {¶ 7} Pursuant to R.C. 2950.01(E)(1), a sexual predator is a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Thus, before labeling an individual as a sexual predator, the trial court must first conclude that the offender was convicted of or pled guilty to a sexually oriented offense. Secondly, the trial court must determine whether the offender is likely to engage in another sexually oriented offense in the future.
 {¶ 8} R.C. 2950.09(B)(3) lists factors that shall be considered by the trial court in making its determination:
 {¶ 9} "(a) The offender's or delinquent child's age;
 {¶ 10} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 13} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 14} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 15} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 16} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 17} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 19} Pursuant to R.C. 2950.09(B)(3), the trial court must use a clear and convincing evidential standard in determining whether an offender should be classified a sexual predator. Clear and convincing evidence is more than a mere preponderance of the evidence but does not rise to the level of beyond a reasonable doubt.[1]
 {¶ 20} The same standard applies in determining whether the sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction.[2] Therefore, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed.[3]
 {¶ 21} The thrust of Langston's argument is that both the written report and hearing testimony of the court-appointed counselor, Michael Berzinsky, does not support the court's finding that Langston is likely to commit sexually oriented crimes in the future. Specifically, Langston argues that (1) Berzinsky's written report does not directly state that Langston is likely to reoffend, and (2) Berzinsky's hearing testimony conflicted with his written report.
 {¶ 22} Appointing an expert witness to determine whether an individual is likely to commit sexually oriented offenses in the future is within the sound discretion of the trial court.[4] After considering the factors enumerated in R.C. 2950.09(B)(3), the trial court also has the discretion to determine what weight, if any, it gives to any evidence presented at the sexual offender classification hearing.[5]
 {¶ 23} Thus, the trial court shall consider all of the factors included within the statute, as well as any other pertinent evidence, in making its determination as to the offender's status.
 {¶ 24} Langston argues that Berzinsky's report contains no statement as to whether Langston would be likely to commit sexually oriented offenses in the future. However, a review of the report as submitted at the hearing reveals the following statement:
 {¶ 25} "[H]is strong need for attention and affection coupled with his limited insight make him vulnerable. At this time he does present a risk for committing a sexually oriented offense in the future."
 {¶ 26} This statement reflects Berzinsky's conclusion that Langston was at risk for committing another sexually oriented offense in the future. However, it is unclear to what extent the trial court relied on Berzinsky's conclusions. A review of the record reveals only the following statement made by the trial court at the conclusion of the sexual offender classification hearing:
 {¶ 27} "First of all, the Court finds based upon the background here, a number of victims involved, and the report that I've had here, that the Defendant is likely to offend again in a sexual matter."
 {¶ 28} The written judgment entry, dated April 10, 2002, contains a paragraph that states that the court considered all of the factors in R.C. 2950.09(B) followed by a paragraph that was checked off to indicate that "[t]here IS CLEAR AND CONVINCING EVIDENCE THAT the Defendant is a Sexual Predator." This judgment entry does not contain the type of incisive analysis necessary for an appellate court to conduct a meaningful review. Although it is not necessary for the trial court to specifically address each of the factors from R.C. 2950.09(B), the court must clearly set forth its factual findings in support of its ultimate conclusion. Thus, we find that the court's analysis in this case does not adequately support its determination, classifying Langston as a sexual predator.
 {¶ 29} Langston's assignment of error is well taken. For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded to that court with instructions to issue a new decision which contains a discussion and analysis of the factors which support the court's determination.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.
[1] State v. Moore (July 21, 2000), 2d Dist. No. 18017, 2000 WL 1006570, at *2, citing Cross v. Ledford (1954), 161 Ohio St. 469,477.
[2] State v. Linden (Feb. 2, 2000), 9th Dist. No. 2984-M, 2000 WL 141054, at *1.
[3] Id. at *2.
[4] State v. Eppinger (2001), 91 Ohio St.3d 158, syllabus.
[5] State v. Thompson (2001), 92 Ohio St.3d 584, 588.